## LANG v. TAMPA TELEVISIONS, INC.

Case No. 83-5207-CA

Fourth Judicial Circuit, Duval County

November 16, 1984

### APPEARANCES OF COUNSEL

**Carl Scott Schuler** for plaintiff.

**Harold B. Wahl** for Florida Publishing Company.

### OPINION OF THE COURT

SAM GOODFRIEND, Circuit Judge.

### ORDER QUASHING SUBPOENA TO FLORIDA PUBLISHING COMPANY REPORTER

This cause coming on to be heard on the motion of Florida Publishing Company and its reporter, Marilyn Henry, to quash witness subpoena to Marilyn Henry,

And it appearing to the Court that Ms. Henry's testimony involves her newsgathering activities,

And the Court having considered the authorities upholding that privilege for such newsgathering activities, including its own opinion in *Schultise v. Weyer Bros*, (July 29, 1980) 6 M.L.R. 1661, and the

comment on pages 268-271, P.L.I. Communications Law 1984, citing some 36 Florida cases, including *Schultise, supra*, from which Communications Law 1984 the following is quoted on page 268:

> *Common Law Privilege*: Qualified privilege recognized. Florida's courts have upheld reporters' claims of privilege more consistently and scrupulously than the courts of any other state. In civil cases and in cases involving disclosures to the press of sealed grand jury materials, the press privilege against disclosure under the First amendment and the Florida Constitution has been viewed as absolute, not susceptible to being overridden by and showing on the part of the party seeking discovery.

And the parties having agreed that the news story written by Ms. Henry and published by the Florida Publishing Company may be received in evidence without any testimony or explanation as to newsgathering activities, upon consideration,

It is ORDERED that the witness subpoena to Marilyn Henry be and the same is hereby quashed.